UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

_____

In re:

    Luisa Maria Oyarzun,                           Case No. 17-21261-PRW
                                                               Chapter 7

                Debtor.

_____

In re:

    Solange Ivelisse Martinez,                     Case No. 17-21282-PRW
                                                               Chapter 7

                Debtor.

_____

**DECISION AND ORDER
DENYING REQUEST FOR WAIVER OF CREDIT COUNSELING,
UNDER 11 U.S.C. § 109(h)(1) & (h)(4),
DENYING REQUEST FOR STAY OF EVICTION ACTION,
UNDER 11 U.S.C. § 362(b)(22) & § 362(l)(1) & (l)(4),
DISMISSING PETITIONS AND BARRING DEBTORS
FROM FILING A PETITION IN BANKRUPTCY FOR
A PERIOD OF 180 DAYS,
UNDER 11 U.S.C. § 105(a), § 109(h)(1), &
28 U.S.C. § 1915(e)(2)(B)(i)**

PAUL R. WARREN, U.S.B.J.

        On November 22, 2017, Luisa Oyarzun filed a Chapter 7 petition. (Case 1, ECF No. 1). On November 30, 2017, Solange Martinez filed a Chapter 7 petition. (Case 2, ECF No. 2).[1] Ms. Oyarzun and Ms. Martinez claim to be mother and daughter—whether that is true is of no consequence because, for purposes of the motions and petitions before the Court, their interests

---

[1] These cases are not being consolidated. Because the relief requested by the Debtors is identical, the Court will issue a single decision. The Oyarzun case docket will be referred to as "Case 1, ECF No. __" and Martinez as "Case 2, ECF No. __."

are perfectly aligned.  Mses. Oyarzun and Martinez filed Chapter 7 petitions to stop a proceeding, venued in the Mount Morris Village Court, seeking to evict them from rental property that they jointly occupy.  (Case 1, ECF No. 17 at 84 ¶ 21).  But they did not take the pre-petition credit counseling, required by 11 U.S.C. § 109(h)(1)—instead they claim to be exempt.  And, at the time that their petitions were filed, they did not deposit with the Court the amount of rent coming due during the following 30 days, under 11 U.S.C. § 362(l)(1)(B).

The Court finds that Mses. Oyarzun and Martinez have failed to demonstrate that they suffer from a disability, as defined by 11 U.S.C. § 109(h)(4), sufficient to excuse them from the requirements under 11 U.S.C. § 109(h)(1).  Consequently, they are not eligible to be debtors and were not eligible at the time that each filed her petition.  Their cases are **DISMISSED**, under 11 U.S.C. § 109(h)(1) and § 105(a).  Having previously granted the Debtors' request to proceed *in forma pauperis*, the Court has carefully reviewed each of their petitions, and the motions seeking relief against their landlords, the landlords' attorneys, and Mount Morris Village Justice Robert Ossen, under the standards set out in 28 U.S.C. § 1915(e)(2)(B)(i).  (*See* Case 1, ECF No. 16, 17, 18).  The Court finds that the petitions and motions are frivolous.  The motions filed in Case 1 at ECF Nos. 16, 17, 18, 42, and 43—but applicable to both cases—are **DENIED WITH PREJUDICE**.  To prevent further abuse of the bankruptcy system, in the exercise of the Court's discretion, Mses. Oyarzun and Martinez are prohibited from filing a petition under the Bankruptcy Code for a period of 180 days from entry of this decision and order, under 11 U.S.C. § 105(a) and 28 U.S.C. § 1915(e)(2)(B)(i).

## DISCUSSION

The papers filed by Mses. Oyarzun and Martinez allege a conspiracy between organized crime and numerous government employees. As the story goes, the conspirators allegedly stole the identities of Mses. Oyarzun and Martinez, pocketed their social security benefits, blocked their access to YouTube, killed their pet birds (but replaced them with new pet birds), prevented their access to trash collection services, and launched many attempts to assassinate them—apparently without much success—all as retribution for uncovering and publicizing this vast conspiracy.[2] (*See, e.g.*, ECF No. 17 at 6-13, 81-85). The papers offer fantastical details of the alleged conspiracy. It is unnecessary and unproductive for the Court to do more than generally describe the claims and press on. It seems that Mses. Oyarzun and Martinez zealously believe every word of their story. And that is sad. But fiction cannot become fact merely because a zealot insists that it is so.

On December 21, 2017, the Court held a hearing on the various requests for relief sought by Mses. Oyarzun and Martinez. Both Mses. Oyarzun and Martinez appeared and testified. After assessing the credibility of Mses. Oyarzun and Martinez, the Court finds that (1) they seem to sincerely believe that the alleged conspiracy is real, and (2) there is not a shred of credible evidence to suggest that their beliefs have any basis in fact. Because Mses. Oyarzun and Martinez cling so tightly to their imagined story, permitting them to have continued access to the bankruptcy court will only tax judicial resources and enable them to use the bankruptcy process as a tool to trouble

---

[2] The claims made in the motions are substantially similar to those made by Mses. Oyarzun and Martinez in two complaints recently dismissed by the District Court. *See Oyarzun v. Deane*, No. 17-CV-6733-FPG, 2017 U.S. Dist. LEXIS 192573 (W.D.N.Y. Nov. 21, 2017); *Oyarzun v. Berryhill*, No. 17-CV-6819-FPG (W.D.N.Y. Dec. 4, 2017).

3

those they perceive as enemies. This imagined dispute is not a matter that the Bankruptcy Code is designed to address.[3]

**1.      Mses. Oyarzun and Martinez are not eligible to be debtors by operation of 11 U.S.C. § 109(h)(1) and (h)(4).**

In both petitions, Mses. Oyarzun and Martinez indicate that they did not complete a credit counseling course before filing their petitions, as required by 11 U.S.C. § 109(h)(1), because they claim to be physically disabled. (Case 1, ECF No. 1; Case 2, ECF No. 2). In order to qualify as a disabled person, under 11 U.S.C. § 109(h)(4), the Debtors are required to make a motion for waiver of the credit counseling requirement—and that motion must demonstrate a physical or mental disability as defined in 11 U.S.C. § 109(h)(4).

Mses. Oyarzun and Martinez attempted to file motions for waiver of credit counseling—on behalf of both Debtors—but in Ms. Oyarzun's case alone. (Case 1, ECF No. 17). The "motions"—to use the term loosely—are signed by both Debtors, although the cases are not consolidated. (*Id.*). Overlooking those procedural peculiarities and turning to the merits, the motions fail to provide any evidence of the Debtors' physical or mental disability that meets the statutory standards set out in 11 U.S.C. § 109(h)(4). The Debtors simply offer a conclusory statement asserting that they are physically disabled—claiming that taking the statutorily mandated credit counseling was impossible as a result. But the evidence before the Court tells a far different tale.

---

[3]     The Debtors' most recent filing—requesting that the Court issue an order directing Google to unblock their YouTube account so that they can "present the intrinsic video-evidence that she alleges proves that all her bankruptcy-listed-debts are contingent and incurred because of individuals other than herself"—is a striking example of the tommyrot the Debtors have submitted to the Court. (*See* Case 1, ECF No. 43). The Court declines to entertain the request for such relief. No bankruptcy purpose would be served in dignifying this request with more than a simple response: No.

Ms. Martinez testified at the hearing that, as of the date of filing the petitions, she and Ms. Oyarzun had access to a telephone and to a computer with internet capabilities. The Court notes—and the docket details—that Mses. Oyarzun and Martinez have repeatedly traveled from Mount Morris to the Clerk's Office in Rochester, in order to file voluminous computer-generated pleadings in each of their cases. Ms. Martinez has placed a number of telephone calls to the Clerk's Office. Mses. Oyarzun and Martinez have printed "subpoenas" and traveled many miles to "serve" them (neither the subpoenas nor the manner of service are proper, however). Based on their ability to frequently and successfully make this jaunt—coupled with their ability to churn out a small mountain of computer-generated pleadings and initiate frequent telephone calls—the Court finds that the Debtors do not qualify as disabled for purposes of excepting them from the credit counseling requirement, under 11 U.S.C. § 109(h)(4). The mandatory pre-petition credit counseling can easily and inexpensively be accomplished by telephone, internet, or in person. Mses. Oyarzun and Martinez have resoundingly demonstrated an ability to handle that very modest undertaking. But they did not bother. Consequently, Mses. Oyarzun and Martinez were not eligible to be debtors when these cases were filed, by operation of 11 U.S.C. § 109(h)(1). The motions requesting waiver of the credit counseling requirements, under 11 U.S.C. § 109(h)(4), are **DENIED**. These cases are **DISMISSED**, under 11 U.S.C. § 109(h)(1) and § 105(a).

**2.  There was no automatic stay of the eviction proceeding, by operation of 11 U.S.C. § 362(b)(22), (l)(1), and (l)(4).**

Mses. Oyarzun and Martinez live (or lived) together in a residence they rent at 4 Shepard Avenue, Mount Morris, New York. (Case 1, ECF Nos. 1, 16, 33; Case 2, ECF No. 2). Ms. Martinez appears to be the defendant in an eviction action brought by their landlord in Mount Morris Village Court. (Case 1, ECF No. 16). Mses. Oyarzun and Martinez filed these cases for the primary purpose of stopping the eviction proceeding. Despite their efforts to stall the eviction,

5

a judgment of eviction was granted by the state court. (*See* Case 1, ECF No. 33). The warrant of eviction was served. And, Mses. Oyarzun and Martinez have been removed from the rental property.

Under 11 U.S.C. § 362(b)(22), the automatic stay does not apply to the continuation of eviction proceedings brought by a lessor against a debtor involving residential property, unless the debtor satisfies 11 U.S.C. § 362(l). Subsection (l)(1) of § 362 provides that the automatic stay will exist for 30 days following the date of the bankruptcy petition if the debtor files, *with the petition*, and serves upon the lessor a certification that (1) under the state or nonbankruptcy law that applies to the eviction judgment, the debtor has a right to stay in the property by paying the landlord the delinquent amount, *and (2) if the debtor has deposited with the Clerk of the Bankruptcy Court any rent that would come due during the 30-day period after the filing of the petition*. 11 U.S.C. § 362(l)(1) (emphasis added). If a debtor certifies on the petition that there is an eviction judgment—but fails to satisfy *both* components of § 362(l)(1) at the time that the bankruptcy petition is filed—subsection (b)(22) will automatically apply, and there is no stay of the eviction proceedings. 11 U.S.C. § 362(l)(4)(A).

Here, at the time of filing their petitions, Mses. Oyarzun and Martinez each filed an Initial Statement about an Eviction Judgment form. (Case1, ECF No. 3; Case 2, ECF No. 4). Both Debtors certified the first prong of 11 U.S.C. § 362(l)(1)—that a judgment of eviction had been entered and that under the state or nonbankruptcy law that applies to the eviction judgment, they had the right to stay in the property by paying the landlord the delinquent amount. (*Id.*). Critically, however, they failed to certify that they deposited with the Clerk of the Bankruptcy Court rent that would come due in the next month (nor did they deposit that rent—or any other dollar amount— with the Clerk of Court at the time that their petitions were filed). Upon this failure, 11 U.S.C.

6

§ 362(l)(4)(A) and (B) immediately became operable. The plain language used by Congress in 11 U.S.C. § 362(l)(1) requires that the amount of rent coming due during the 30 days following the filing of the petition be tendered to the Clerk of Court "with the petition." Mses. Oyarzun and Martinez failed to do so, causing 11 U.S.C. § 362(l)(4)(A) to be immediately in full force and effect. Consequently, as mandated by 11 U.S.C. § 362(l)(4)(B), the Clerk of Court immediately served on the Debtors and the landlord a certified copy of the docket confirming the absence of the statutory certification and the applicability of the exception to the automatic stay under § 362(b)(22).[4]

The *pro se* status of Mses. Oyarzun and Martinez does not excuse them from complying with the statutory requirements under 11 U.S.C. § 362(l), in their effort to obtain the benefit of the stay under § 362(b)(22). The plain language of § 362(l)(1) ("*with the petition*"), coupled with the plain language of § 362(l)(4)(A) and (B) ("*shall immediately apply*" and "*shall immediately serve*"), makes it clear that compliance with the strict requirements of § 362(l)(1)(A) and (B) is to be measured as of the moment that the bankruptcy petition is filed. It is not a moving target to be hit at the convenience of the debtor. And that statutory measurement is easy to make here. As of the moment of the filing of their petitions, Mses. Oyarzun and Martinez failed to satisfy the statutory mandate under § 362(l)(1)(B). They did not tender *any* prospective rent to the Clerk of the Bankruptcy Court when they filed their petitions. There was no automatic stay under 11 U.S.C. § 362(b)(22), by operation of 11 U.S.C. § 362(l)(4)(A).

---

[4] Mses. Oyarzun and Martinez later attempted to tender a check to the Clerk of Court for $954.86—on December 13, 2017—but the deposit came too late in time and was too little in amount to satisfy the plain language of the statute. (*See* Case 1, ECF No.37). The check was returned to them by mail at the Shepard Avenue address. At oral argument, Mses. Oyarzun and Martinez declined to provide the Court with their current address.

7

Accordingly, the automatic stay has never applied in these cases to prevent the continuation of eviction proceedings against the leased residence. The eviction judgment and warrant issued by the Mount Morris Village Court was not stayed, by operation of 11 U.S.C. § 362(b)(22), (l)(1), and (l)(4). The motions seeking to have this Court undo the eviction and put them back in possession of the leasehold (Case No. 1, ECF Nos. 16, 18, 42) are **DENIED WITH PREJUDICE**.

**3.     Mses. Oyarzun and Martinez are attempting to relitigate the same claims that were recently dismissed with prejudice by the District Court.**

Ms. Oyarzun recently filed complaints in the District Court for the Western District of New York, that were dismissed with prejudice as frivolous under 28 U.S.C. § 1915(e). *See Oyarzun v. Deane*, No. 17-CV-6733-FPG, 2017 U.S. Dist. LEXIS 192573 (W.D.N.Y. Nov. 21, 2017); *Oyarzun v. Berryhill*, No. 17-CV-6819-FPG (W.D.N.Y. Dec. 4, 2017).[5] In those complaints, Ms. Oyarzun recited incredible and unsupported allegations against the Director of Livingston County DSS, the Commissioner of the Social Security Administration, their landlords, the landlords' attorneys, and Mount Morris Village Justice Robert Ossen (and a legion of additional federal and state government officials). Those claims, dismissed with prejudice by Chief Judge Geraci, are substantially similar to the allegations made in the motions before this Court. (ECF Nos. 16, 17, 18, 42, 43). The only new claim is with respect to the automatic stay—and that claim is statutorily precluded.

Having previously granted the Debtors' request to proceed *in forma pauperis*, the Court must consider whether the motions (and bankruptcy petitions) before the Court are frivolous, under

---

[5]     Mses. Oyarzun and Martinez have filed other similar complaints against a host of governmental and individual defendants—which complaints were also dismissed as frivolous under 28 U.S.C. § 1915(e). *See Martinez v. Diaz-Rivera et al.*, No. 17-cv-06767-MAT (W.D.N.Y. Nov. 17, 2017); *Oyarzun v. McGuire et al.*, No. 16-cv-01297-LAP (S.D.N.Y. May 31, 2016); *Oyarzun v. Martinez et al.*, No. 09-cv-01641-LAP (S.D.N.Y. Mar. 9, 2010); *Oyarzun v. Mahon et al.*, No. 09-cv-02098-LBS (S.D.N.Y. Mar. 9, 2009).

11 U.S.C. § 1915(e)(2)(B)(i). It is apparent that Mses. Oyarzun and Martinez are attempting to relitigate issues and claims recently dismissed by the District Court, in an effort to end-run the state court eviction proceedings and in an effort to end-run the District Court orders of dismissal. In order to prevent abuse of the bankruptcy process at the hands of these Debtors, under 28 U.S.C. § 1915(e)(2)(B)(i), the motions filed at ECF Nos. 16, 17, 18, 42, and 43 in Ms. Oyarzun's case are **DENIED WITH PREJUDICE**. Mses. Oyarzun and Martinez are prohibited from filing any petition under the Bankruptcy Code for a period of 180 days from entry of this decision, under 11 U.S.C. § 105(a) and 28 U.S.C. § 1915(e)(2)(B)(i), to temporarily put an end to their misuse of the bankruptcy system.

## CONCLUSION

The Court finds that Mses. Oyarzun and Martinez have failed to demonstrate that they suffer from a physical or mental disability, as defined by 11 U.S.C. § 109(h)(4), sufficient to excuse them from the requirements under 11 U.S.C. § 109(h)(1). Consequently, they are not eligible to be debtors and were not eligible at the time that each filed her petition. Their cases are **DISMISSED**, under 11 U.S.C. § 109(h)(1) and § 105(a). Having previously granted the Debtors' request to proceed *in forma pauperis*, the Court has carefully reviewed each of their petitions, and the motions seeking relief against their landlords, the landlords' attorneys, and Mount Morris Village Justice Robert Ossen, under the standards set out in 28 U.S.C. § 1915(e)(2)(B)(i). (*See* Case 1, ECF No. 16, 17, 18, 42, 43). The Court finds that the petitions and motions are frivolous. The motions filed in Case 1 at ECF Nos. 16, 17, 18, 42, and 43, under 11 U.S.C. §§ 362(l)(1), (l)(4), (b)(22), 105(a) and 28 USC § 1915(e)(2)(B)(i), are **DENIED WITH PREJUDICE**. To prevent further abuse of the bankruptcy system, in the exercise of the Court's discretion, Mses.

9

Oyarzun and Martinez are prohibited from filing a petition under the Bankruptcy Code for a period of 180 days from entry of this decision and order, under 11 U.S.C. § 105(a) and 28 U.S.C. § 1915(e)(2)(B)(i). The Clerk of Court is directed to send a copy of this decision to all parties in interest and to then close each of these cases immediately after entry of this decision.

**IT IS SO ORDERED.**

DATED: December 21, 2017 _____/s/_____
       Rochester, New York           HON. PAUL R. WARREN
                                      United States Bankruptcy Judge

10

Case 2-17-21282-PRW    Doc 33    Filed 12/21/17    Entered 12/21/17 14:52:10    Desc Main
Document      Page 10 of 10